UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Stephen Jay Obie,<br><br>        Plaintiff,<br><br>      v.<br><br>Commodity Futures Trading Commission,<br><br>        Defendant. | 23 Civ. 4459 |

**DECLARATION OF STEPHEN JAY OBIE IN SUPPORT OF
MOTION TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY**

  1.  I am the plaintiff in the above-entitled action.

  2.  I respectfully submit this declaration in support of my motion, pursuant to the First Amendment of the U.S. Constitution, the Religious Freedom Restoration Act of 1993 (RFRA), and Fed.R.Civ.P. 65: (a) to show cause why a preliminary injunction should not be granted prohibiting defendant Commodity Futures Trading Commission ("CFTC" or the "Commission") (i) from enforcing its Gag Order (as defined below) against Plaintiff, and (ii) from retaliating against him for bringing this action or for acting in conformity with the Court's rulings; and (b) pending the hearing on the preliminary injunction, for the issuance of (i) a temporary restraining order prohibiting the Commission from enforcing the Gag Order against Plaintiff, and (ii) an order providing for expedited discovery and preservation of records relevant to the issues that will be presented to the Court at that hearing.

  3.  I had hoped that the Commission's infringements of my religious and free speech rights, as described herein, were unintentional. Therefore, prior to filing this motion, I instructed my counsel to reach out directly to the CFTC's General Counsel, to see if the Commission would

agree to entry of a TRO.  Late last night, my counsel received a response from the CFTC's Deputy General Counsel (a true and correct copy of which is annexed hereto as **Exhibit A**) denying the request.  I therefore now submit this declaration highlighting certain facts relevant to my motion.  Additional detail is set forth in my Complaint, which is annexed hereto as **Exhibit B**, and which is true and correct to the best of my knowledge and belief.

4. I am an attorney-advisor employed by the CFTC's Office of Inspector General.  The CFTC is the federal regulatory agency tasked with administering and enforcing, *inter alia*, the nation's commodities and derivative markets.  The Inspector General, by Act of Congress, serves as watchdog over the CFTC, *inter alia*, conducting audits, investigations and inspections in order to detect and prevent waste, fraud and abuse by the agency.

5. This is my second tour of duty with the CFTC.  During my first tour with the Commission from 1998 through 2014, I held several top positions.  During the 2008 Financial Crisis, until September 2010, I served as Acting Director of the CFTC's Division of Enforcement.  From 2009 to 2010, I also co-chaired the Securities and Commodities Subcommittee of the President's Financial Fraud Enforcement Task Force.  Prior to rejoining the CFTC in its Office of Inspector General (OIG) two years ago, I was a partner at well-known law firm.  My decision to return was motivated in significant part by my belief in the importance of the CFTC's mission, and by my desire to use my experience to help better the agency.

6. I reluctantly bring this motion today because of certain abhorrent actions by the Commission, which I believe constitute an illegal prior restraint on two freedoms granted to me under the Constitution, freedom of speech and freedom of religion, in violation of the First Amendment and the Religious Freedom Restoration Act of 1993 (RFRA).

7. On May 16, 2023 (a fact of which I only became aware on the evening of May 23), the Commission ordered the Inspector General (to whom I directly report), that: "You are not to

contact or communicate with any CFTC employee or contractor unless specifically instructed by the Commission to do so" (the "Gag Order").  A true and correct copy of the Gag Order (partly redacted to eliminate personal details) is annexed hereto as **Exhibit C**.

8.  The Gag Order followed leaked articles in the *Wall Street Journal* and many other news outlets in which it was reported that the Commission had "voted 3-0 to place its inspector general, [name omitted], on 'non-duty status' while it considered what further action to take ….." As of now, the Commission—a publicly-funded agency which claims "Transparency" as among its "Core Values"—has issued no public statement on the matter, possibly because (as explained below) three votes is legally insufficient to remove an Inspector General.

9.  Since learning of this directive, I have not initiated any contact with the Inspector General, so as not to subject myself to employee discipline or worse for directly violating or aiding and abetting a violation of a Commission order (if the foregoing instruction is ultimately construed by this Court as such), for which civil or even criminal penalties may apply.

10. As an attorney-advisor in the OIG, I have been delegated responsibility to open investigations, and currently oversee at least one investigation for which I am the sole attorney. The Commission has not directly informed OIG employees as to the employment status of the current Inspector General.  I was only notified of the appointment of an "Acting Inspector General" and that person is also listed on the CFTC's website.

11. The Commission's actions have left me in limbo, unable to communicate with the Inspector General to obtain his guidance and direction, or even to properly relinquish my delegated authority during the pendency of this action.  The Gag Order has no limitations as to subject matter or scope, but rather is an absolute bar on all communications, personal or professional.

12. As such, the Gag Order further inhibits me from contacting the Inspector General, an 86-year-old widower, during off-hours at his home, to inquire about his well-being and to offer

prayer and support during what may be a difficult time for him.  Nor, under the Gag Order, may I call the Inspector General and invite him out to dinner to discuss books the two of us are reading, the places we have recently visited, or health issues and concerns.  Or, even the fact that I have filed the instant lawsuit. It is shocking to me that a federal agency of unelected commissioners has taken such action, willfully and deliberately.

13. I am a practicing Christian with strongly held beliefs in the power of prayer to provide comfort and support in challenging times.  I am an active member of the Walden United Methodist Church in Walden, New York.  In recent years, the Inspector General and I have developed a friendly and cordial relationship.  The Inspector General has often inquired about my health, and on those occasions has ended the inquiry with words of comfort:  "I'll light a candle for you."  Given all that has transpired, I very much desire to reach out to my friend to pray with him, and to convey to him that I will "light a candle for him."

14. Given the Inspector General's age, health, and current situation, and the press attacks currently being leaked against him, every day that passes without my being able to reach out to my friend with prayer and support gives me cause for greater concern.

15. However, while I believe the Gag Order places an unconstitutional burden on my rights of free expression and freedom of religion, one which the Commission has no legal authority to issue, as a Commission employee, I must follow CFTC policies and procedures, even those of dubious Constitutionality or legality, as the failure to do so can subject me to discipline, up to and including my removal from federal service.  In the ordinary course, I would look to the Inspector General for guidance as to the propriety of any Commission directive, but in this case, the Commission's Gag Order prohibits me from taking even that action.

16. I am therefore bringing this motion to request the Court temporarily restrain and preliminarily enjoin the CFTC from enforcing its Gag Order against me in any way.

17. I am also requesting expedited discovery in support of my motion, which may reveal whether the Commission has any "compelling governmental interest" for this extraordinary restraint on speech and prayer, or instead its actions are designed to obfuscate the placement of the Inspector General on paid administrative leave in contravention of federal law, or are part of a subterfuge to oust him without the requisite statutory vote of the commissioners, or have some other improper purpose, such as impeding the OIG's investigations.

18. Further to that last point, according to the OIG's recent Semi-Annual Report, the Inspector General may be only removed on "the written concurrence of a 2/3 majority of the Commission." Given the current complement of five CFTC commissioners, four votes would be needed to remove the Inspector General. Yet, if published reports are to be believed, only three commissioners have voted to take action against the Inspector General. Meanwhile, as noted above, the Commission has informed me of the naming of an "Acting Inspector General," while not informing myself or other OIG employees (other than through media leaks) as to whether it has purported to formally remove the current Inspector General. This is creating chaos, and puts me in the position of potentially disclosing confidential whistleblower information to someone not duly authorized to receive it; to wit, the Acting Inspector General.

19. For the foregoing reasons, and those set forth in my Complaint and Memorandum of Law, I respectfully request the Court grant my requested motion. I am available to testify in person, under oath, to answer any questions the Court may have.

In accordance with 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 30, 2023.

_____
STEPHEN JAY OBIE